AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20) ☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

FILED
CLERK, U.S. DISTRICT COURT
8/4/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: dgv DEPUTY

United States of America

v.

JEANINE JOHN TAELE,

Defendant(s)

Case No. 2:26-mj-04642-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 3, 2026 in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 26 U.S.C. § 5861(d) | Possession of Unregistered Short-Barreled Rifle |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_______________________
*Complainant's signature*

Anthony Best, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 08/04/2026

Patricia Donahue
*Judge's signature*

City and state: Los Angeles, California

Hon. Patricia Donahue, U.S. Magistrate Judge
*Printed name and title*

AUSA:_Jordan L. Patterson

# AFFIDAVIT

I, Anthony Best, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for JEANINE JOHN TAELE ("TAELE") for a violation of 26 U.S.C. § 5861(d): Possession of Unregistered Short-Barreled Rifle.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant, and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been employed as such since June 2023. I am currently assigned to a Joint Terrorism Task Force Squad at the West Covina Resident Agency of the Los Angeles Field Office. Prior to my employment with the FBI, I was employed as a sworn municipal police officer in the State of California for twenty-five years.

4. During my career, I have participated in multiple criminal and national security investigations, to include those

involving the use of digital devices and online accounts to facilitate violations of federal law. Through the course of my training and employment as a police officer and with the FBI, I have used a variety of investigative techniques and resources, including the execution of search warrants and review of both physical and digital evidence collected from search warrant returns. I am familiar with the strategy, tactics, methods, tradecraft, and techniques of criminals, terrorists, and their agents.

5. During my employment with the FBI, I attended New Agent Training at the FBI Academy in Quantico, Virginia from June to October 2023. I have received additional formal and informal training from the FBI regarding criminal and counterterrorism investigations, to include training concerning the use of electronic communications and digital devices in furtherance of a crime. In addition, I attended the Orange County Sheriff's Peace Officer Academy in Garden Grove, California from December 1996 to May 1997, and the FBI National Academy in Quantico, Virginia from July to September 2016. As a federal agent, I am authorized to investigate violations of laws of the United States, and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States.

## III. <u>STATEMENT OF PROBABLE CAUSE</u>

6. Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

a. On July 31, 2026, federal agents conducted a security assessment at Trump National Golf Club Los Angeles ("Trump Golf Club"), located at One Trump National Drive, Rancho Palos Verdes, CA 90275. This security assessment was conducted in advance of an anticipated visit to the Trump Golf Club by President Donald J. Trump on August 4, 2026.

b. During the security assessment, federal agents saw a suspicious individual later identified as TAELE, on the Trump Golf Club. Specifically, federal agents saw TAELE walking throughout the golf course at the Trump Golf Club, wearing an earpiece, and taking photographs and videos of the federal agents' security-planning activities, among other things. Federal agents saw TAELE leave the area in a 2012 Toyota Tundra with license plate 8MOV938 ("Toyota Tundra").

c. On August 2, 2026, golf course staff at the Trump Golf Club notified federal agents, who were continuing their security assessment, that they saw TAELE had returned to the Trump Golf Club. TAELE approached the federal agents and stated in part and in substance:

i. TAELE was employed by the United States State Department and was at the location for a security detail; and

ii. TAELE had a loaded firearm in his car, which was parked in the parking lot of the Trump Golf Club.

Federal agents contacted Los Angeles County Sheriff's Department ("LASD"), and LASD deputies arrived at the Trump Golf Club. Using law enforcement databases, LASD deputies learned that

TAELE had a want for robbery by the El Segundo Police Department. As a result, LASD deputies detained TAELE and conducted a pat-down search incident to the detention. During this pat-down search, LASD deputies found a 16-round magazine containing hollow point ammunition in the pocket of TAELE's pants.

d. LASD deputies also searched TAELE's Toyota Tundra and found, among other things:

i. A loaded 9mm pistol with a loaded magazine containing hollow point ammunition;

ii. A pair of binoculars; and

iii. A badge that read "security protection agent."

e. LASD arrested TAELE under California Penal Code § 25400(a)(1): Carrying a Concealed Firearm; and California Penal Code § 32310: Possession of a Large Capacity Magazine.

f. Law enforcement conducted a Mirandized interview of TAELE, and TAELE stated, in part and in substance, that he owned the loaded 9mm pistol and owned two more firearms located at his residence in Downey, California ("Residence").

7. On August 3, 2026, the Honorable Maral Injejikian, Los Angeles County Superior Court Judge, issued a warrant to search the Residence. Law enforcement executed the warrant at the Residence and found, among other things:

a. An illegally modified AR platform rifle ("Rifle"), bearing serial number 03-73808;

b. A 1911 .45 caliber pistol;

c. An AR platform upper receiver;

d. Body armor;

e. High-capacity magazines;

f. Bulk pistol and rifle ammunition;

g. Multiple notebooks containing concerning statements;

h. Two radio signal devices;

i. An earpiece;

j. A gold-colored badge and badge holder stating "Badge #1015, Agent-Fugitive Recovery Bail Enforcement." Attached as **Exhibit 1** is a photograph of the badge.

8. On August 4, 2026, I conducted a Mirandized interview of TAELE. TAELE stated, in part and in substance:

a. TAELE described the Rifle and stated that the Rifle currently has a 10-inch barrel, which he purchased three years ago.

b. TAELE stated that he purchased the Rifle with a 14-inch barrel, but that he changed it to the current 10-inch barrel.

9. Alcohol, Tobacco, and Firearms ("ATF") Special Agent Cullen Schmitz viewed and measured the Rifle, and he determined that the barrel was less than 16 inches. Attached as **Exhibit 2** is a photograph of the Rifle. Based on his training and experience, Special Agent Schmitz stated that he believed the

Rifle is a "short-barreled" rifle as defined in 26 U.S.C. 5845(a).[1]

10. According to ATF Special Agent Michael Montevidoni, on August 4, 2026, a query was run in the National Firearms Registration and Transfer Record ("NFRTR") for TAELE based on his name, date of birth, and social security number. No results were found, meaning no short-barrel rifle has been registered to TAELE. Further, a query of the rifle's serial number was conducted. No results were found, meaning no short-barrel rifle with that serial number is registered in the NFRTR.

## IV. CONCLUSION

11. For all of the reasons described above, there is probable cause to believe that JEANINE JOHN TAELE has committed a violation of 26 U.S.C. § 5861(d): Possession of Unregistered Short-Barreled Rifle.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 4 day of August, 2026.

Patricia Donahue

THE HONORABLE PATRICIA A. DONAHUE
UNITED STATES MAGISTRATE JUDGE

[1] 26 U.S.C. 5845(a) defines "firearm" to mean, in part, "a rifle having a barrel or barrels of less than 16 inches in length."

# EXHIBIT 1


BAIL ENFORCEMENT
FUGITIVE RECOVERY
AGENT
ZULUF
Group

# EXHIBIT 2


EOTech